William Sheridan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Hygrade Food Products Corporation, Intervenor.

Kenneth Fedor, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Hygrade Food Products Corporation, Intervenor.

Submitted on briefs February 3, 1983, to Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Milton S. Lazaroff,* with him *Saul Doner, Lobel, Doner & Lazaroff,* for petitioner.

*Andrew S. Price,* for intervenor.

No appearance for respondent.

OPINION BY JUDGE ROGERS, March 14, 1983:

The claimants in these consolidated unemployment compensation cases were discharged from their employment with the Hygrade Food Products Corporation for violating a company rule against theft.

The Office of Employment Security, a referee, and the Unemployment Compensation Board of Review all decided that the claimants were ineligible on

account of their willful misconduct. Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e). The claimants have petitioned for review of the Board's decision. We have carefully examined the record and the briefs and we affirm the Board's order.

The claimants were employed in the shipping department of their employer's meat processing plant. The crucial evidence was supplied by the testimony of one Hammons, a driver for an independent trucking company who testified that, in pursuance of an agreement among them, the claimants loaded boxes of meat additional to the number required to be delivered to customers onto Hammons' truck and that the claimants were to be paid in cash or diet pills for this accommodation. Hammons' employer learned of this scheme when more than the proper number of cases of meat were found on Hammons' truck and alerted the claimants' employer. Hammons, now cooperating in the investigation, delivered $50 in marked bills to one of the claimants. The claimants were naturally discharged for these activities.

The claimants contend that their employer failed to carry its burden of proving their willful misconduct because some of the testimony at the referee's hearing was hearsay, to which their counsel made objection. Unfortunately for the claimants, the crucial evidence against them was not hearsay. Hammons testified at length and in detail; he identified the claimants and described the conspiracy. He related telephone calls from the claimants informing him of the presence of extra meat on his truck, described the meat and told of sharing the money from sales with the claimants.

The claimants also say that the circumstances that no one testified to seeing them putting extra meat on

Hammons' truck precluded a finding that they did so. But Hammons testified that the merchandise was there, that the claimants agreed to place it there and that it was converted to his and the claimants' use. "[C]ircumstantial evidence, if substantial, is sufficient to support a finding of willful misconduct." *Heffelfinger v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 280, 285, 431 A.2d 380, 383 (1981).

The claimants also argue that the referee erred in admitting into evidence a decision of a labor arbitrator, citing *Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 141 A.2d 410 (1958). However, in *Gagliardi* the Board's decision was reversed because it was based solely on the arbitrator's decision. There is no indication whatsoever that the compensation authorities' decisions in this case were influenced by, much less based on, the arbitrator's report. The error if any was harmless.

Finally, one of the claimants complains of the compensation authorities' treating as an admission his remark, made when confronted with the possession of the marked money: "First strike against me; it's a shame, I'm out." We see no error in characterizing this remark as an admission of wrongdoing.

Order affirmed.

ORDER IN 2829 C.D. 1981

AND Now, this 14th day of March, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

ORDER IN 2830 C.D. 1981

AND Now, this 14th day of March, 1983, the order of the Unemployment Compensation Board of Review in the above captioned matter is hereby affirmed.